**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 2 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUIS AUGUSTINE VASQUEZ, | No.   18-35255 |
| Plaintiff-Appellant, | D.C. No. 4:16-cv-00184-DCN |
| v. | |
| CITY OF IDAHO FALLS, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, District Judge, Presiding

Argued and Submitted May 15, 2019
Seattle, Washington

Before:  W. FLETCHER and BENNETT, Circuit Judges, and SILVER,[**] District Judge.

Luis Agustin Vasquez appeals the district court's grant of summary

judgment on his claims of race discrimination and retaliation under Title VII of the

Civil Rights Act of 1964.  We have jurisdiction under 28 U.S.C. § 1291, and we

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Roslyn O. Silver, United States District Judge for the District of Arizona, sitting by designation.

reverse and remand for a trial on Vasquez's Title VII claims of race discrimination and retaliation. As the facts are familiar to the parties, we do not recite them here except as necessary.

"We review the district court's grant of summary judgment *de novo*, construing the facts in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor." *Earl v. Nielsen Media Research, Inc.*, 658 F.3d 1108, 1112 (9th Cir. 2011).

## I. Discrimination

The district court erred in granting summary judgment in favor of the City of Idaho Falls ("the City") on Vasquez's discrimination claim. Vasquez, who is Hispanic and Mexican-American, alleges the City terminated him because of his race. We examine Vasquez's discrimination claim under the *McDonnell Douglas* burden-shifting scheme. *See Reynaga v. Roseburg Forest Prods.*, 847 F.3d 678, 691 (9th Cir. 2017). The parties do not dispute that Vasquez satisfied his burden of establishing a prima facie case of race discrimination. The City's proffered non-discriminatory reasons for Vasquez's termination are that Vasquez was accused of sexual harassment by his coworkers shortly before his termination and that Vasquez fired an employee named Arturo Alvarez without authority.

In response, Vasquez presents sufficient evidence to establish a genuine dispute of material fact as to whether the City's claimed reasons for the termination

were pretext for unlawful discrimination. The district court correctly noted there is no direct evidence of discriminatory intent because Vasquez has not established the required nexus between coworker Jeff Baird's discriminatory comments and Vasquez's termination. *See Vasquez v. County of Los Angeles,* 349 F.3d 634, 640 (9th Cir. 2003). However, the district court failed to properly consider Vasquez's circumstantial evidence of pretext. Vasquez presents evidence that throughout his employment at the City, he was subjected to racial harassment by Baird and that the City failed to punish Baird despite receiving reports from multiple people about his racist conduct. *See McGinest v. GTE Serv. Corp.,* 360 F.3d 1103, 1123 (9th Cir. 2004) (explaining that an employer's "permissive response to harassing actions undertaken by coworkers and supervisors" is circumstantial evidence of pretext). By contrast, after the City received similarly severe complaints of sexual harassment against Vasquez, it treated him less favorably than Baird, a white man, by immediately disciplining Vasquez and terminating him two weeks later. *See Reynaga,* 847 F.3d at 691–92. Vasquez also offers evidence that one of the City's proffered reasons—his unauthorized termination of Alvarez—is inconsistent with the City's own personnel records that state Alvarez resigned because he found a new job, raising a triable issue as to whether its reason is "unworthy of credence." *See Noyes v. Kelly Servs.,* 488 F.3d 1163, 1171–72 (9th Cir. 2007). Further, evidence in the record indicates the City disciplined and terminated Vasquez in an

irregular manner when it immediately disciplined Vasquez while refusing to explain the reason, failed to follow its progressive disciplinary process, and denied Vasquez access to the personal belongings he kept at work.

We therefore reverse the district court's grant of summary judgment to the City on Vasquez's Title VII discrimination claim.

## II.    Retaliation

We conclude that Vasquez properly pled a Title VII retaliation claim in his operative complaint.  Vasquez's allegation that the "City fired Vasquez because of his race, and *in retaliation* for his complaints about and protest of . . . the racial harassment and discrimination to which he was subjected, *in violation of Title VII*," gave sufficient notice to the City of his Title VII retaliation claim.  *See Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968 (9th Cir. 2006).

On the merits of the retaliation claim, Vasquez established a prima facie case by showing he undertook a protected activity when he complained to his supervisors about Baird's racial harassment, and he was terminated by the City approximately two months after his most recent complaint in September 2015.  *See Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000).  As in the disparate treatment context, the burden shifts back to the City to offer non-retaliatory reasons for the termination.  *See Reynaga*, 847 F.3d at 693.  Those proffered reasons are that Vasquez was accused of sexual harassment and fired Alvarez without

authorization.

The district court erred in concluding that Vasquez failed to establish a genuine dispute of material fact as to whether those reasons were pretext for retaliation. Vasquez presents evidence of a temporal proximity of approximately two months between his most recent complaint to the City and his termination. *See Dawson v. Entek Int'l.*, 630 F.3d 928, 937 (9th Cir. 2011). In addition, Vasquez's evidence of the City's treatment of him during his employment, as well as evidence of the irregular manner of his discipline and termination, raises a triable issue as to the City's retaliatory intent. *See Reynaga*, 847 F.3d at 694–95. Finally, conflicting evidence regarding Alvarez's departure undermines the credibility of the City's second proffered reason.

We therefore reverse the district court's grant of summary judgment to the City on Vasquez's Title VII retaliation claim.

### III. The City's Motion to Strike

Finally, we address Vasquez's challenge to the district court's decision to strike portions from the Declaration of Daris Powell as inadmissible summary judgment evidence. "Evidentiary rulings made in the context of summary judgment motions are reviewed for abuse of discretion and 'can only be reversed if [they were] both manifestly erroneous and prejudicial.'" *Bias v. Moynihan*, 508 F.3d 1212, 1224 (9th Cir. 2007) (alteration in original, internal quotation marks

omitted) (quoting *Ballen v. City of Redmond*, 466 F.3d 736, 745 (9th Cir. 2006)).

The district court did not abuse its discretion when it struck the portions from the Powell Declaration that concerned Baird's alleged participation in Vasquez's termination decision. Under Federal Rule of Civil Procedure 56(c)(4), an "affidavit or declaration used to support or oppose a motion must be made on personal knowledge [and] set out facts that would be admissible in evidence." The district court properly struck portions of the Powell Declaration because they were not based on personal knowledge and did not set forth facts that would be admissible in evidence. *See Wicker v. Or. ex. rel. Bureau of Labor*, 543 F.3d 1168, 1178 (9th Cir. 2008). Powell had retired from the City five years prior to Vasquez's termination and had worked with different supervisors during his employment.

Therefore, the district court did not abuse its discretion in striking the statements as inadmissible.

**REVERSED AND REMANDED FOR TRIAL.**

18-35255